**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-05968-NYW

MILTON VLADIMIR CUELLAR CHINCHILLA,

Petitioner,

v.

WARDEN/FACILITY ADMINISTRATOR,

Respondent.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondent filed a response on November 19, 2026. [Doc. 7]. Following an Order to Show Cause, [Doc. 8], Respondent filed a status report on November 23, 2026, [Doc. 9]. For the reasons stated in this Order, the Petition is respectfully **DENIED without prejudice**.

## DISCUSSION

Petitioner Milton Vladimir Cuellar Chinchilla ("Petitioner" or "Mr. Cuellar Chinchilla") is a citizen of El Salvador who has been present in the United States since November 2015. [Doc. 1 at 5]. Petitioner was detained on April 15, 2026 and remains detained at the Denver Contract Detention Facility in Aurora, Colorado. [Doc. 1 at 5]. Petitioner had applied for asylum, but his application has been pretermitted by an immigration judge as of October 4, 2026. [Doc. 1-1 at ¶ 3; Doc. 9-1 at 5]. The immigration judge also ordered Petitioner's removal in the same order. [Doc. 1-1 at ¶ 8; Doc. 1-2 at 1; Doc. 1-3 at 3–4; Doc. 9 at 1; Doc. 9-1 at 5].

Petitioner requests the Court to "determine whether [his] continued detention is authorized by federal law" and challenges "the statutory and constitutional legality of [his] continued detention." [Doc. 1 at 8]. In the Status Report, Respondent asserts "Petitioner has an . . . order of removal" as of October 4, 2026. [Doc. 9 at 1]. Respondent further states that Petitioner has not filed an appeal within the appropriate timeframe; the order of removal is therefore administratively final. [*Id.*]; *see also* 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"). Respondent argues that "[s]hould the Court agree that Petitioner is subject to a final order of removal, and that he is within the 90-day period during which his detention is mandated by law . . . the next appropriate steps are for the Court to dismiss the petition without prejudice." [*Id.* at 1–2].

As of that October 4, 2026, Mr. Cuellar Chinchilla is detained pursuant to 8 U.S.C. § 1231. *See Abedi v. Carter,* No. 25-3179, --- F.4th ----, 2026 WL 3149141, at *14 (10th Cir. Oct. 21, 2026) (observing that the statute relevant to noncitizens subject to an order of removal from the United States is 8 U.S.C. § 1231); *Singh v. Blanche*, No. 26-cv-00601-PAB, 2026 WL 936371, at *3 (D. Colo. Apr. 7, 2026) ("Because petitioner has a final order of removal, petitioner is detained under 8 U.S.C. § 1231(a), rather than 8 U.S.C §§ 1225 or 1226." (collecting cases)).

As this Court has previously explained, "when a noncitizen is ordered removed from the United States, the removal 'shall' occur within the next 90 days." *Hereira v. Baltazar*, No. 26-cv-03507-NYW, 2026 WL 3059517, at *2 (D. Colo. Oct. 13, 2026) (quoting 8 U.S.C. § 1231(a)(1)). This "removal period" is triggered from the date that an

order of removal becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i); *see also Abedi*, 2026 WL 3149141, at *14 (observing that § 1231(a)(1)(A) establishes a ninety-day "removal period"). During this period, "the government is *required* to detain the noncitizen." *Abedi*, 2026 WL 3149141, at *14 (emphasis added) (citing 8 U.S.C. § 1231(a)(2)(A)).

Mr. Cuellar Chinchilla has been detained pursuant to the October 4, 2026 final order of removal for approximately 50 days. He is therefore still within the 90-day mandatory detention period, as well as the presumptively reasonable six-month period under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Accordingly, the Petition is respectfully **DENIED without prejudice**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED without prejudice**; and

(2) The Clerk of Court is **DIRECTED** to enter judgment in favor of Respondent and terminate this case.

DATED: November 24, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge